(Opinion published 52 N. W. Rep. 140.)

JOSEPH A. MORRELL *et al. vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Argued April 18, 1892.    Decided May 16, 1892.

**Complaint Construed.**—Complaint *held* sufficient to show that the defendant has wrongfully entered and is a trespasser upon land in a street, the title to which, subject to the public easement, is in the plaintiff.

Appeal by defendant, the Chicago, Milwaukee & St. Paul Railway Company, from an order of the District Court of Winona county, *Start,* J., made July 22, 1891, overruling its demurrer to the complaint.

By their complaint Joseph A. Morrell and Sarah Morrell stated that they were owners and in possession of lot one (1) in block eleven (11) in the original plat of the City of Winona, and that the lot extended to the center of Front street on its north front; that on the part of the lot so lying in the street was a railroad track belonging to the Winona & St. Peter Railroad Company; and that defendant, although it had no ownership of that track, or any right to use it, was daily running cars onto it, and passing them over it, to the great inconvenience of plaintiffs, and to their damage $2,500, for which sum they asked judgment.

Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and because

the Winona & St. Peter Railroad Company was not made a code-fendant.

The District Court overruled this demurrer, saying: There is no admission in the complaint that the railroad track in the street is in the possession of the Winona & St. Peter Railroad Company, or that it has any right to maintain its track there, or to license the defendant to use it. On the contrary, it is alleged that such use of the track by defendant is wrongful. Whether or not one railway company, having acquired the right to operate its tracks in a public street, can assign any part of such right or license to another railway to occupy and use in common with itself, without the consent of the abutting lot owner, is a question not before the court, and is left undecided.

*William Gale*, for appellant.

The complaint fails to allege that plaintiffs have sustained any injury peculiar to themselves; their title in fee has not been taken, and the inconvenience alleged in the use of the street is such as would be sustained by lot owners generally whose premises abut on the street. *Rochette* v. *Chicago, M. & St. P. Ry. Co.*, 32 Minn. 201; *Todd* v. *Minneapolis & St. L. Ry. Co.*, 39 Minn. 186; *Crolley* v. *Minneapolis & St. L. Ry. Co.*, 30 Minn. 541.

*J. A. Tawney*, for respondent.

The injury is special to the property abutting on the street. *Adams* v. *Chicago, B. & N. R. Co.*, 39 Minn. 286; *Brakken* v. *Minneapolis & St. L. Ry. Co.*, 29 Minn. 41.

VANDERBURGH, J. The complaint shows that the plaintiffs own and are in possession of lot 1, in block 11, in the city of Winona, and that, as abutting owners, their title thereto extends to the center line of the street, subject only to the public easement for a street. It is alleged that in April, 1890, the defendant wrongfully and unlawfully entered upon that half of the street adjoining their lot, and has ever since wrongfully operated its trains in that portion of the street upon and over the track of the Winona & St. Peter Railroad

Company, and is still so using and occupying the track thereof in the street, and, in substance, the complaint shows that the defendant is wrongfully occupying the street for the purposes of its railway traffic and business.

The complaint therefore shows that the defendant's occupancy is without lawful right, and it is not implied that it is entitled to so occupy the street by reason of any authority conferred by the Winona & St. Peter Railroad Company or otherwise. For the purposes of the action of trespass it was sufficient to allege generally the wrongful entry of the defendant; and the allegation of defendant's entry upon and appropriation of the street over and upon the track of the Winona & St. Peter Railroad Company was sufficient in this case to show a trespass upon the plaintiffs' premises. The latter company is not shown to be a necessary party to the suit. It sufficiently appears from the complaint that plaintiffs are subjected to inconvenience and damage as the result of the alleged wrongful use and occupancy of the premises. The proper measure of damages is not involved, and not necessary to be considered, on this appeal.

Order affirmed.

(Opinion published 52 N. W. Rep. 140.)

